Luan SHKRELI, Petitioner,

v.

IMMIGRATION AND
NATURALIZATION SERVICE,
Respondent.

No. 06–1719–ag.

United States Court of Appeals,
Second Circuit.

Feb. 23, 2007.

S. Gjoni, New York, New York, for Petitioner.

Alice H. Martin, U.S. Atty., Northern District of Alabama, Katharine J. Smith, Asst. U.S. Atty., Birmingham, Alabama, for Respondent.

PRESENT: Hon. JON O. NEWMAN, Hon. ROSEMARY S. POOLER, Hon. ROBERT A. KATZMANN, Circuit Judges.

### SUMMARY ORDER

Petitioner Luan Shkreli, a native and citizen of Albania, seeks review of a March 27, 2006 order of the BIA affirming the December 7, 2004 decision of Immigration Judge ("IJ") Gabriel C. Videla, denying petitioner's applications for asylum and withholding of removal. *In re Luan Shkreli*, No. A97–162–851 (B.I.A. March 27, 2006), *aff'g* No. A97–162–851 (Immig. Ct. N.Y. City Dec. 7, 2004).

Where, as here, the BIA affirms the IJ's ultimate conclusions, but rejects some of the bases for the IJ's opinion and emphasizes others, this Court reviews the IJ's decision as modified and supplemented by the BIA. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir.2005); *Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir.2005). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 401 (2d Cir.2005). Because the BIA properly noted that the IJ did not make an adverse credibility finding, we proceed on the assumption that Shkreli's account of past persecution was credible.

As a preliminary matter, the IJ may have erred in determining that "the incidents that [Shkreli] suffered" were "not serious enough to establish past persecution." Shkreli asserted that the police and the local Socialists unlawfully detained him, fed him only bread and water, beat him, and called him a "stubborn democratic bastard." He also stated that while transporting ballot boxes for a local election, the police put a gun to his head and forced him to "change the boxes." This Court has cautioned the agency to be "keenly sensitive" to the fact that a "minor beating, or for that matter, any physical degradation designed to cause pain, humiliation, or other suffering, may rise to the level of persecution if it occurred in the context of an arrest or detention on the basis of a protected ground." *Beskovic v. Gonzales*, 467 F.3d 223, 226 (2d Cir.2006) (internal quotation marks omitted); *see also Gjolaj v. BCIS*, 468 F.3d 140, 142 (2d Cir.2006) (noting that *Beskovic* clarified standard for establishing a claim of past persecution). Because, in this case, Shkreli's mistreatment occurred in the context of a detention based on his political affiliation with the Democratic Party, under *Beskovic*, the IJ may have improperly determined that these incidents did not rise to the level of past persecution.

■ If we assume that the acts perpetrated against Shkreli rose to the level of past persecution, a rebuttable presumption of a well-founded fear of future persecution was created on the basis of Shkreli's original claim. *See* 8 C.F.R. § 1208.13(b)(1). The presumption of a well-founded fear may be rebutted if the agency finds that there has been a fundamental change in circumstances such that the applicant no longer has a well-founded fear of persecution in his country of nationality on account of one of the five statutory grounds. *Id.*

Here, the BIA found that conditions in Albania had changed significantly, such that Shkreli no longer has a well-founded fear of future persecution. The BIA accurately observed that: (1) there was no indication in the Country Reports that Democratic Party members were specifically targeted for human rights violations based on their party membership; and (2) the Democratic Party is one of the two largest political parties in Albania and has significant representation in the Albanian parliament. This Court has held that State Department reports are probative in the analysis of asylum claims. *Tu Lin v. Gonzales,* 446 F.3d 395, 400 (2d Cir.2006). In particular, this Court has noted that, based on information in these country reports, there has been a substantial change in circumstances in Albania. *See Hoxhallari v. Gonzales,* 468 F.3d 179, 185 (2d Cir.2006). Accordingly, the BIA was reasonable in concluding that Shkreli failed to establish a well-founded fear of persecution in Albania on account of his political opinion.

■ The regulations also provide that an applicant who demonstrates "compelling reasons for being unwilling or unable to return to the country arising out of the severity of the past persecution," may be granted asylum in the exercise of discretion even absent a well-founded fear of future persecution. 8 C.F.R. § 1208.13(b)(1)(iii)(A). Relief based on "humanitarian reasons" has been reserved for applicants who have suffered "atrocious forms of persecution." *In re Chen,* 20 I. & N. Dec. 16, 19–20 (B.I.A.1989); *see also Hoxhallari,* 468 F.3d at 184; *In re N–M–A–,* 22 I. & N. Dec. 312, 325–26 (B.I.A. 1998).

This Court has found an abuse of discretion where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the [BIA] has acted in an arbitrary or capricious manner." *Kaur v. BIA,* 413 F.3d 232, 233–34 (2d Cir.2005) (per curiam). Here, the BIA did not abuse its discretion in determining that "any acts perpetrated against [Shkreli] were not so severe as to warrant a grant of asylum in the exercise of discretion." While Shkreli's various episodes of harassment, police intimidation, and mistreatment during a 2–day unlawful detention are regrettable, such treatment does not necessarily constitute an "atrocious" form of past persecution warranting a discretionary grant of relief for humanitarian reasons.

Because Shkreli was unable to show the objective likelihood of persecution needed to make out an asylum claim, he was necessarily unable to meet the higher standard required to succeed on a claim for withholding of removal. *See Wu Biao Chen v. INS,* 344 F.3d 272, 275 (2d Cir. 2003).

Accordingly, Shkreli's petition for review is DENIED. Having completed our review, the pending motion for a stay of removal in this petition is DISMISSED.